IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SCOTT L. APEL,
    Plaintiff,

vs.                                          Case No. 3:07cv314/MCR/EMT

ESCAMBIA COUNTY JAIL, et al.,
    Defendants.
_____/

### **ORDER**

This cause is before the court upon Plaintiff's filing a civil rights complaint under 42 U.S.C. § 1983 (Doc. 1). Leave to proceed in forma pauperis has been granted (Doc. 13). From a review of the complaint, it is evident that the facts as presented fail to support a viable claim for relief under section 1983 as to some or all of the named Defendants. Therefore, the court will allow Plaintiff an opportunity to clarify his allegations in an amended complaint.

At all times relevant to this action, Plaintiff was an inmate at the Escambia County Jail ("Jail") (*see* Doc. 1 at 2, 5–6). Plaintiff appears to name three Defendants in this action: the Jail; Ron McNesby, Sheriff of Escambia County; and Mr. Alford, a supervisor at the Jail's law library (*see id.* at 1, 2). Plaintiff alleges that the Jail has violated his constitutional rights by failing to provide him access to "constitutional law books or criminal law books . . . [that] are necessary for a proper legal defense and are necessary for a complete understanding of the constitutional provisions that protect the criminally accused" (*id.* at 5). Furthermore, Plaintiff alleges that Jail administrators have "refuse[d] to make available constitutional and criminal law books . . . to prevent inmates from filing suit against the many corrupt practices [] utilized by all of its' [sic] employees and administrators" (*id.*). Plaintiff also claims that Jail administrators provide "in abundance, religious materials and bibles for prayer, but refuse to provide [law books]" (*id.*). In the

"Statement of Claims" portion of the complaint, Plaintiff has written only "6th Amendment: Equal Access Violation; 1st Amendment violation[;] 14th Amendment[;] 5th Amendment[;] 4th Amendment" (*id.* at 7). For relief, Plaintiff requests an order directing the Jail "to provide constitutional law books and criminal law books" to Jail inmates (*see id.*).

Initially, Plaintiff must clarify the Defendants in this matter. In the style of the case Plaintiff lists the Jail and Sheriff McNesby as Defendants, but in the "Parties" section on page two of the complaint he lists only Sheriff McNesby and Mr. Alford (*see* Doc. 1 at 1, 2). Plaintiff must list each person he wants to sue in both the style of the case on page one and in the "Parties" section on page two of the complaint. Then, in the "Statement of Facts" portion of the complaint, Plaintiff must state how each named Defendant harmed him. If Plaintiff cannot state how a Defendant harmed him, Plaintiff should drop that person from the complaint.

Additionally, Plaintiff must clarify the nature of his claims. He does not clearly allege how any named Defendant deprived him of rights guaranteed by the Constitution or federal law. It is well recognized that in any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

> 1. whether the conduct complained of was committed by a person acting under color of state law; and
>
> 2. whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

Parratt v. Taylor, 451 U.S. 527, 535, 101 S. Ct. 1908, 1912, 68 L. Ed. 2d 420, 428 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); Duke v. Cleland, 5 F.3d 1399, 1403 (11th Cir. 1993) (citing Parratt).

In the instant case, Plaintiff has merely cited to constitutional amendments without specifically identifying how Defendants allegedly violated his rights (*see* Doc. 1 at 7). Plaintiff must state how the conduct engaged in by each named Defendant violated a right that Plaintiff holds under the Constitution or federal law. For example, if Plaintiff is making an First Amendment claim based upon Defendants' denial of his access to the courts, Plaintiff should so state, clarifying those Defendants against whom he is making such a claim and alleging specific facts in support of the claim(s).

Moreover, Plaintiff is advised that the Jail is not a proper party to this proceeding. The capacity to be sued in federal court is governed by the law of the state in which the district court is located. Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) (citing Fed. R. Civ. P. 17(b)). Florida law does not recognize a jail facility as a legal entity separate and apart from the county or sheriff. *See* Eddy v. City of Miami, 715 F. Supp. 1553, 1556 (S.D. Fla. 1989) (indicating that department which is integral part of local government's policing function is not an entity subject to suit under section 1983); Shelby v. City of Atlanta, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984) (same); Avant v. Rice, 1992 WL 359633 at *6 (M.D. Fla. 1992) (unpublished opinion) (holding that county jail is not an actionable legal entity because it does not enjoy a separate legal existence independent of the county or the sheriff's office); Mayes v. Elrod, 470 F. Supp. 1188, 1192 (N.D. Ill. 1979) (same). For claims against a sheriff's department or a county jail, the appropriate defendant is the Sheriff in his official capacity. *See* Mitchell v. Untreiner, 421 F. Supp. 886, 888 (N.D. Fla. 1976) (referring to Sheriff of Escambia County, Florida as "the Chief Jailer of the Escambia County Jail"); Avant, 1992 WL 359633 at *6; Hobbs, No. 5:04cv82/RH, Doc. 10, p. 3 ("For claims against the [Holmes County] Sheriff's Department, the appropriate defendant is the Sheriff, Dennis Lee, in his official capacity."). Inasmuch as Sheriff McNesby is already named as a Defendant and is evidently being sued in his official capacity, Plaintiff should delete the jail as a Defendant. *See* Brown v. Neumann, 188 F.3d 1289, 1290 (11th Cir. 1999); Washington v. Bauer, 2005 WL 2114156 at n.1 (11th Cir. Sept. 2, 2005) (unpublished opinion); *see, e.g,* Hobbs, No. 5:04cv82/RH, Doc. 10 (dismissing claims against Holmes County Sheriff's Department where plaintiff sued Sheriff Dennis Lee in his official capacity); Erickson, 1996 WL 427769 at *1 (finding it "redundant and unnecessary" to name the Collier County Sheriff's Office as a defendant where plaintiff named the Sheriff of Collier County in his official capacity).

Additionally, to the extent Plaintiff names Sheriff McNesby as a Defendant based solely on his supervisory role, Plaintiff has failed to allege sufficient facts to state a claim. Supervisory officials are not liable under section 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability. *See* Cottone v. Jenne, 362 F.3d 1352, 1360 (11th Cir. 2003) (internal quotation marks and citations omitted). Supervisory liability may occur, however, either when the supervisor personally participates in the alleged unconstitutional conduct

or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation. *Id.* (citation omitted). This connection may be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so, or when a supervisor's custom or policy 'result[s] in deliberate indifference to constitutional rights' or when facts support 'an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.'" *Id.* (internal quotation marks and citations omitted); Wayne v. Jarvis, 197 F.3d 1098, 1105 (11th Cir. 1999), *cert. denied*, 120 S. Ct. 1974, 146 L. Ed. 2d 804 (2000).

Isolated incidents are generally insufficient to establish a supervisor's liability; indeed, the deprivations must be "'obvious, flagrant, rampant and of continued duration . . . .'" Gray ex rel. Alexander v. Bostic, 458 F.3d 1295, 1308 (11th Cir. 2006) (quoting Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999)). Furthermore, filing a grievance with a supervisory person does not alone make the supervisor liable for the allegedly violative conduct brought to light by the grievance, even if the grievance is denied. Wayne, 197 F.3d at 1106; Weaver v. Toombs, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd*, 915 F.2d 1574 (6th Cir. 1990); *see also* Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). Knowledge imputed to the supervisor "must be so pervasive that the refusal to prevent harm rises to the level of a custom or policy of depriving inmates of their constitutional rights." Tittle v. Jefferson County Com'n, 10 F.3d 1535, 1542 (11th Cir. 1994). The failure to act or implement policy must be in the face of repeated violations or other indicators signifying a strong likelihood that the situation will recur. *See* Harris v. City of Marion, 79 F.3d 56, 58–59 (7th Cir. 1996). Supervisors are generally entitled to rely on their subordinates to respond appropriately to situations absent clear or widespread evidence to the contrary. "The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." Cottone, 362 F.3d at 1360 (internal quotation marks and citation omitted).

In the instant case, Plaintiff has not alleged that Sheriff McNesby was personally involved in any incidents giving rise to the instant complaint and he has failed to allege that Sheriff McNesby was on notice of any alleged violations of Plaintiff's constitutional rights. Thus, Plaintiff should drop

Sheriff McNesby as a Defendant unless additional facts exist and are alleged to support a claim against him.

Further, on the facts alleged, Plaintiff has failed to state a constitutional claim regarding the denial of access to an adequate law library. Plaintiff is advised that it is settled law that interference with an inmate's access to the courts is a violation of a First Amendment right actionable under section 1983. Lewis v. Casey, 518 U.S. 343, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996); Bounds v. Smith, 430 U.S. 817, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977); Chandler v. Baird, 926 F.2d 1057 (11th Cir. 1991). However, as established in Lewis, to successfully allege a constitutional violation based upon a denial of access to courts, Plaintiff must specifically show how he was actually harmed or prejudiced with respect to the litigation in which he was involved. Lewis, 518 U.S. at 350–51. The type of prejudice that is deficient in the constitutional sense is that which hinders the inmate's ability to actually proceed with his claim; there is no constitutional mandate "to suggest that the State must enable the prisoner to discover grievances, and to litigate effectively once in court." *Id.* at 353. Importantly, "the injury requirement is not satisfied by just any type of frustrated legal claim." *Id.* at 354. Plaintiff must show that he was prejudiced in a criminal appeal or post-conviction matter, or in a civil rights action seeking "to vindicate 'basic constitutional rights.' " *Id.* at 354–55 (quoting Wolff v. McDonnell, 418 U.S. 539, 579, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974)). Furthermore, he must allege actual injury "such as a denial or dismissal" and show that presentation of his case was impeded because of Defendants' actions. Wilson v. Blankenship, 163 F.3d 1284, 1290–91 (11th Cir. 1998) (citing Lewis, 518 U.S. at 355); *see also* Bass v. Singletary, 143 F.3d 1442, 1445–46 (11th Cir. 1998). So long as Plaintiff was able to litigate his claim, he cannot demonstrate that he was unconstitutionally denied access to the courts. Wilson, 163 F.3d at 1291. Moreover, Plaintiff cannot show an injury unless he shows that the case he was unable to pursue had arguable legal merit. Lewis, 581 U.S. at 353 n.3; Wilson, 163 F.3d at 1291.

In the instant case, Plaintiff does not allege the nature of the litigation in which he was involved when he sought access to the law library; nor does he allege how he was actually harmed or prejudiced with respect to the litigation. Unless sufficient facts exist and are alleged that state a constitutional claim, Plaintiff should drop this claim from his complaint.

Finally, to the extent Plaintiff contends Defendants' conduct violates his due process rights under the Fourteenth Amendment, he cannot state a due process violation. If a constitutional claim is covered by a specific constitutional provision, such as the First Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process. *See* County of Sacramento v. Lewis, 523 U.S. 833, 843, 118 S. Ct. 1708, 1715, 140 L. Ed. 2d 1043 (1998) (citations omitted). Thus, substantive due process analysis is inappropriate if Plaintiff's claims are covered by another constitutional amendment. *Id.* In the instant case, Plaintiff's claims are covered by the First Amendment; therefore, to the extent he asserts a due process violation based upon the same conduct, his due process claim is subject to dismissal.

Plaintiff should carefully review the foregoing to determine whether he desires to proceed with this action. If Plaintiff determines that he does not, he should file with the court a notice of voluntary dismissal. If Plaintiff chooses to proceed with this action, he must completely fill out a new civil rights complaint form, marking it "Amended Complaint." Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form. In the statement of facts, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts. If Plaintiff cannot state exactly how a particular Defendant harmed him, he should delete or drop that person as a Defendant from his complaint. Plaintiff's request for relief should be limited to only that which he could recover if he succeeds on his claims. Plaintiff is advised that once an amended complaint is filed, all earlier complaints and filings are disregarded. N.D. Fla. Loc. R. 15.1.

Accordingly, it is **ORDERED**:

1. The clerk of court is directed to forward to Plaintiff a civil rights complaint form for use by prisoners in actions under 42 U.S.C. § 1983. This case number should be written on the form.

2. Within **THIRTY (30) DAYS** from the date of docketing of this order, Plaintiff shall file an amended civil rights complaint, which shall be typed or clearly written, submitted on the

court form, and titled "Amended Complaint." Alternatively, Plaintiff shall file a notice of voluntary dismissal within the same time.

3. Plaintiff's failure to file an amended complaint may result in a recommendation that this action be dismissed for failure to comply with a court order.

**DONE AND ORDERED** this 17th day of September 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**